**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GLEN MAYS,                          :
                                    :     Civil Action No. 09-3199 (PGS)
          Plaintiff,                :
                                    :
     v.                             :          **O P I N I O N**
                                    :
DAVID WEAVER, et al.,               :
                                    :
          Defendants.               :

**APPEARANCES:**

Glen Mays, <u>Pro Se</u>
#743493D
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**SHERIDAN**, District Judge

     Plaintiff, Glen Mays, currently confined at the New Jersey
State Prison, Trenton, New Jersey, brings this civil action <u>in
forma pauperis</u>, pursuant to 28 U.S.C. § 1915.  Plaintiff seeks
relief for violations of his constitutional rights under 42
U.S.C. § 1983.  The Court has reviewed Plaintiff's claims, as
required under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), and
concludes that the action should be dismissed for failure to
state a claim upon which relief may be granted.

### BACKGROUND

     The following facts are found in Plaintiff's complaint and
the exhibits to his complaint.  Plaintiff states that he was

attacked by prison guards, resulting in injuries.  However, Plaintiff does not name any of the officers involved in the attack as defendants.  Rather, Plaintiff seeks to sue Robert E. Untig, head of the Sussex County Sheriff's Department; John G. Armeno, the second Sheriff in Command at Sussex County; Virgil R. Rome, Jr., the third in command; David DeMarco, the warden of the Sussex County Jail; and the Sussex County Freeholders. Attachments to the complaint reveal that the officers involved in the alleged assault are Sussex Corrections Officers Nicolaro, Truppo, and Kernuz, and that the assault took place on July 26, 2007.

Plaintiff contends that he suffered numerous injuries from the alleged attack.  He asks this Court to "retrieve the two video tapes that recorded the police attack and investigative reports[.] The information and video is in the possession of the Sussex County Prosecutor David Weaver who refuses to give up the videotapes or reports and please retrieve my tape recorded statement from internal affairs."  Plaintiff also asks for monetary relief.  (Complt., ¶ 7).

## ANALYSIS

### A.   Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321

(April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47,  (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (when assessing the sufficiency of a complaint, the Court must distinguish factual contentions- which allege behavior on the part of the defendant, that, if true, would satisfy one or more elements of the claim asserted- and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements").

4

B.   **42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.   **Plaintiff Fails to State a Claim.**

Plaintiff's request for monetary relief from the named defendants, for the alleged assault and injuries stemming from the assault, must be rejected.  From the facts alleged in the complaint, Plaintiff's claims against the named defendants must be based on an impermissible theory of respondeat superior or

5

vicarious liability.  See Polk County v. Dodson, 454 U.S. 312, 324 (1981) (stating that a § 1983 claim cannot be based on respondeat superior liability); Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978) (holding that supervisory personnel are liable under § 1983 only if they have some personal role in causing the alleged harms or were responsible for some custom or practice which resulted in the violations).  Thus, the claims against the defendants must be dismissed, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Plaintiff should note that "a defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).  Thus, Plaintiff may move to reopen this case by naming the defendant(s) that were personally involved in the alleged wrongs against him, and/or by alleging facts indicating that the named defendants should be held accountable under a supervisor liability theory.

Further, this Court is without jurisdiction to grant Plaintiff's request that this Court retrieve the videotapes and investigative reports concerning the alleged assault.  This Court does not sit as an advocate for Plaintiff.  If Plaintiff's case proceeds past <u>sua</u> <u>sponte</u> screening after Plaintiff files an amended complaint naming proper defendants (if he so chooses), Plaintiff may request these items in the course of discovery, in accordance with the Federal Rules of Civil Procedure.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, Plaintiff's complaint shall be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.  An appropriate order follows.


PETER G. SHERIDAN
United States District Judge

Dated: 8/6/09